# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EIDO HUSSAM AL-NAHHAS, ) <br> also known as Mohammad Al-Nahhas, ) <br> on behalf of Plaintiff and the class members ) <br> described below, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> ROSEBUD LENDING LZO d/b/a ZocaLoans; ) <br> 777 PARTNERS LLC; ) <br> TACTICAL MARKETING PARTNERS, LLC; ) <br> and JOHN DOES 1-20, ) <br> ) <br> Defendants. ) | Misc. Action No.: 3:23-MC-535 <br><br> Case No.: 1:22-cv-00750 <br> U.S. District Court, Northern District <br> of Illinois |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO <u>NONPARTY FIRST REPUBLIC BANK</u>

Matthew J. Goldstein
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

I. **INTRODUCTION**

The litigation giving rise to this motion is a class action lawsuit pending in the United States District Court for the Northern District of Illinois, Eastern Division, *Eido Hussam Al-Nahhas v. Rosebud Lending LZO d/b/a ZocaLoans, et al.*, 22-cv-00750 filed on February 10, 2022. The underlying case concerns a series of predatory and unlawful loans made to Eido Hussam Al-Nahhas ("Plaintiff"), a Chicago resident, by 777 Partners, LLC ("777 Partners"), Tactical Marketing Partners, LLC ("Tactical"), and Rosebud Lending LZO d/b/a ZocaLoans ("Rosebud Lending") via the website www.zocaloans.com. Mr. Al-Nahhas is one of thousands of Illinois residents to whom similar loans have been made. All of the loans at issue are both civilly and criminally usurious under Illinois law.

Documents produced in this litigation have revealed that 777 Partners and its affiliates—F3EA Capital, LLC, F3EA Servicing, LLC, F3EA Holdings, LLC, and Tactical[1]—knowingly contracted for or received, directly or indirectly, by various devices, unlawful interest payments made by Plaintiff Al-Nahhas and tens-of-thousands of financially challenged persons.

Specifically, hundreds of unlawful interest payments were wired from the ZocaLoans operating account to, among other places, the 777 Defendants' various accounts at First Republic Bank. Plaintiff therefore issued a subpoena to First Republic Bank on April 18, 2023 (the "Subpoena") seeking bank records concerning those wire transactions. The receipt of monies comprised of unlawful interest payments via these wire transfers is relevant to Plaintiff's claims under the Illinois Interest Act, 815 ILCS 205/6, the Illinois Predatory Loan Prevention Act, 815 ILCS 123/15-1-1 *et seq.*, the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964.

---

[1] 777 Partners, Tactical, F3EA Capital, LLC, F3EA Servicing, LLC, and F3EA Holdings, LLC are referred to as the "777 Defendants."

1

## II. BACKGROUND

The subpoena served upon First Republic Bank comports with Rule 45 of the Federal Rules of Civil Procedure in all respects. Indeed, First Republic Bank has not objected to the Subpoena on any basis at any time, and has repeatedly agreed—in writing—to comply with the Subpoena. Despite this, First Republic Bank refuses to make its production of documents as agreed. As detailed herein, Plaintiff has made repeated, good faith efforts to negotiate with First Republic Bank, to no avail. Plaintiff therefore moves this Court, pursuant to Federal Rule of Civil Procedure 45, for an order compelling First Republic Bank to comply with the Subpoena, or, alternatively, holding First Republic Bank in contempt.

### A. Plaintiff's Subpoena to First Republic Bank

On April 18, 2023, Plaintiff issued a third-party subpoena to First Republic Bank with a response deadline twenty-nine days later on May 17, 2023. *See* Decl. Ex. A. The Subpoena requested, among other things, contracts and agreements between First Republic Bank and the 777 Defendants and Rosebud Lending, as well as documents sufficient to show all payments in and out of the 777 Defendants' accounts at First Republic Bank. *See id.* at 6.[2] Pursuant to Fed. R. Civ. P. 45(a)(4), notice of the Subpoena was served upon all counsel of record before service. *See* Decl. Ex. B.

On April 18, 2023, pursuant to Federal Rule of Civil Procedure 45, Plaintiff served the Subpoena upon First Republic Bank care of its registered agent Corporation Service Company located at 1127 Broadway Street NE, Ste. 310, Salem, OR 97301. *See* Decl. Ex. C.

---

[2] Plaintiff attached a copy of the protective order entered in the underlying case which provides that a third-party subpoena respondent may designate any document it produces as confidential. *See* Decl. Ex. A., p. 9.

2

### B. Plaintiff's Good Faith Efforts to Negotiate with First Republic Bank

On May 2, 2023, Jenni Perez of First Republic Bank called Plaintiff's counsel Matthew Goldstein and requested that Plaintiff consent to extend the return date on the Subpoena from May 17, 2023 to June 7, 2023. Plaintiff agreed to extend the return date to June 7, 2023. Subsequently, on May 3, 2023, Jenni Perez of First Republic Bank emailed Plaintiff's counsel to confirm First Republic Bank and Plaintiff's agreement, writing, "[a]s agreed, any and all records will be produced electronically...by Wednesday, 6/7." *See* Decl. Ex. D. Specifically, First Republic Bank agreed to produce:

> [A]ny and all of the following records held in the names of F3EA Capital, LLC, F3EA Fundings LLC F3EA Servicing LLC, 777 Partners LLC, and Tactical Marketing Partners, LLC:
> - Signature Cards
> - Corporate Resolutions
> - Statements
> - Cancelled Checks of $500 or more
> - Deposits of $1,000 or more
> - Wires
> - Readily available e-mail correspondences from the account file

*Id.* Notwithstanding that agreement, First Republic Bank failed to respond by June 7, 2023. Instead, it advised Plaintiff's counsel on June 5, 2023 that it had "put the matter on hold." *See* Decl. Ex. E.

In response, Plaintiff emailed First Republic Bank and relayed that there was no basis for First Republic Bank to fail to comply with the Subpoena, and that should First Republic Bank refuse to make its production as agreed, Plaintiff would file a miscellaneous action to secure relief. *See* Decl. Ex. F. First Republic Bank thereafter agreed to make its production on June 21,

3

2023. *See* Decl. Ex. G. However, one day later, First Republic Bank changed course—again—and relayed that that it "intended to hold off."[3] *See* Decl. Ex. H.

Plaintiff's counsel again emailed First Republic Bank and requested a telephonic meet and confer conference. *See* Decl. Ex. I. Plaintiff did not hear back. Plaintiff's counsel emailed Ms. Perez of First Republic Bank again on June 23, 2023, but has not received a response. *See* Decl. Ex. J. Pursuant to Local Rule 7-1, and detailed in the attached Declaration of Matthew Goldstein, the opposing party—First Republic Bank—willfully refuses to meet and confer.

### III.   ARGUMENT

#### A.   The Subpoena Comports with Rule 45 in All Respects

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a deposition is to be taken or document production is to be made. *See* Fed. R. Civ. P. 45(a)(3). Subpoenas under Rule 45(a)(3) operate as enforceable mandates of the district in which they were issued. *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615 (N.D. Cal. 2002). The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Fed. R. Civ. P. 45(e); *Todd v. Lamarque*, No. C 03-3995 SBA, 2008 WL 2095513, at *3 (N.D.Cal. May 16, 2008). Here, service of the subpoena was proper. *See* Affidavit of Service attached to Goldstein Decl. as Exhibit C. First Republic Bank has never contended otherwise. Objections to improper service of subpoena are waived if not properly and timely asserted. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *see also Creative*

---

[3] Counsel for 777 Partners, LLC and Tactical Marketing, LLC has falsely claimed that the parties to the underlying case had been ordered by the court to meet and confer, and that Plaintiff's Subpoena to First Republic Bank had been the subject of a motion to quash. Both claims are false. The parties have not been ordered to meet and confer, and no Defendant has moved to quash Plaintiff's Subpoena to First Republic Bank—indeed, neither the District Court nor the Magistrate Judge supervising discovery has had anything to say regarding the Subpoena whatsoever, let alone issued an order.

4

*Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998).

### B. This Court has Broad Discretion to Enforce the Subpoena

First Republic Bank has failed to respond and/or file a motion to quash Plaintiff's Subpoena. District courts have broad discretion to manage to manage discovery. *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co., Ltd.*, No. C 07-5248 JW (PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008). One may be subject to civil contempt for failing to obey a subpoena that has been lawfully served and where the failure to comply is not adequately explained. *See* Fed. R. Civ. P. 45(e).

The decision with regard to a motion to compel is entrusted to the sound discretion of the trial court, and its rulings are to be reversed only upon a clear showing of abuse of discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[b]road discretion is vested in the trial court to permit or deny discovery"); *Cal. Dept. of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008) ("discovery is ordinarily reviewed for abuse of discretion"). Further, a district court is considered to have abused its discretion only if its "decision is based on an erroneous conclusion of law or where the record contains no evidence on which [it] rationally could have based that decision." *Dart Indus. Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 648 (9th Cir. 1980). Because First Republic Bank has failed to respond to a lawful subpoena and has likewise failed to seek a protective order, this court may properly exercise its discretion to both hold First Republic Bank in contempt and compel First Republic Bank's compliance.

### C. It Is Undisputed That the Information Plaintiff Seeks Is Relevant to the Underlying Lawsuit

The documents sought by Plaintiff are necessary for Plaintiff's case, not available from other sources, and not unduly burdensome to produce. First Republic Bank has not contested the fact that the information Plaintiff seeks concerning the activities of the ZocaLoans lending

5

enterprise is relevant to Plaintiff's claims.

Rule 26, as incorporated by reference in Rule 45, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(I). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). Rule 45 of the Federal Rules of Civil Procedure provides for the service of a subpoena to produce and "permit inspection, copying, testing, or sampling" of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1). "Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of a party." *Ramos v. U.S. Bank Nat'l Ass'n*, No. CV 08-1150-PK, 2009 WL 3854108, at *2 (D. Or. Nov. 17, 2009). Moreover, Rule 26(b)(1) "is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 45 allows a party in a federal civil lawsuit to serve a subpoena on any person, including a nonparty. A subpoena may require the subpoenaed person to produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii).

Information regarding the 777 Defendants receipt of wire transfers consisting of unlawful interest payments is relevant to Plaintiff's claims under the Illinois Interest Act, 815 ILCS 205/6, the Illinois Predatory Loan Prevention Act, 815 ILCS 123/15-1-1 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. For example, under the

Interest Act, it is illegal to contract for or receive interest in excess of 36%. Documents evidencing the transfer of monies consisting of unlawful interest payments is therefore relevant to Plaintiff's claims. First Republic Bank has never contended otherwise. Thus, there is no dispute between the parties regarding the relevance of this information and First Republic Bank has waived any relevance objections to the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B).

While Plaintiff submits that he has satisfied his burden of demonstrating the documents requested from First Republic Bank are relevant, (*see, e.g., Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (documents pertaining to plaintiff's claims and defendant's defenses are relevant), even if relevance is in doubt, the district court is required to construe the question of relevance liberally. *See Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). Furthermore, a district court "whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987); *accord Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335 (N.D. Cal.1995). The documents in First Republic Bank's possession are relevant, and this Court should compel First Republic to produce said documents, which it has already agreed to produce.

### D.  First Republic Bank Has Waived All Objections to the Subpoena Because it has Failed to Raise Any

Because First Republic Bank has not raised any objections whatsoever to the Subpoena in writing, let alone within fourteen days after the Subpoena was served, First Republic Bank has waived any objection to the Subpoena it may now try to raise. *See* Fed. R. Civ. P. 45(d)(2)(B) ("[A] person commanded to produce documents...may serve on the party or attorney designated in the subpoena a written objection[.] ....[which] must be served before the earlier of the time

7

specified for compliance or 14 days after the subpoena is served."); *see also Hi.Q, Inc. v. Zeetogroup, LLC*, No. 22cv1440-LL-MDD, 2022 U.S. Dist. LEXIS 215133, at *12 (S.D. Cal. Nov. 29, 2022); *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Although in "unusual circumstances" and for "good cause" there may be exceptions to this waiver for failure to timely object, no exception is warranted here. First Republic Bank has refused to confer and made plain that it refuses to comply with Plaintiff's Subpoena and its obligations under the Federal Rules of Civil Procedure. The Bank's position is baseless, and it frustrates Plaintiff's ability to prosecute the underlying case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Compliance with Subpoena Direct to Nonparty First Republic Bank should be granted, and First Republic Bank should be ordered to produce the records sought in Plaintiff's Subpoena within ten days of this Court's order. Alternatively, Plaintiff requests that this Court hold First Republic Bank in contempt.

Dated: June 27, 2023                                  Respectfully submitted,

/s/ Matthew J. Goldstein
Matthew J. Goldstein, *pro hac vice pending*
ARDC #6339033
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
mgoldstein@edcombs.com

## CERTIFICATE OF SERVICE

I, Matthew J. Goldstein, hereby certify that on Tuesday, June 27, 2023, I caused a true and accurate copy of the foregoing document to be mailed to the Clerk of the United States District Court for the District of Oregon to be filed with the Court. I further certify that I sent a copy of this document to the following:

Jenni Perez
First Republic Bank
jeperez@firstrepublic.com

/s/ Matthew J. Goldstein
Matthew J. Goldstein

Matthew J. Goldstein, *pro hac vice pending*
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
mgoldstein@edcombs.com
Email address for service: courtecl@edcombs.com